## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD PAUL NEWSOME, | § | |
| #42352-177, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-132-M-BK |
| | § | |
| C. RIVERS, WARDEN | § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Edward Paul Newsome's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be **DENIED**.

## I. BACKGROUND

In 2011, Newsome pled guilty to (1) conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. § 846, and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a). Doc. 8 at 12. Newsome received an aggregate imprisonment sentence of 210 months—150 months for violating § 846 and a consecutive 60-month term for the § 924 offense. Doc. 8 at 13. In 2019, he was granted a 10-month sentence reduction under 18 U.S.C. § 3582(c)(2) on the § 846 conviction. Doc. 8 at 20. With good conduct credit, Newsome has a projected release date of September 20, 2024. Doc. 8 at 7.

In 2018, Congress enacted the First Step Act ("FSA") to, *inter alia*, "provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities." 18 U.S.C. § 3632. On October 3, 2022, Newsome sought to obtain FSA time credits and reduce his sentence, but his administrative requests were denied as he was ineligible because of his § 924(c) conviction. Doc. 3 at 2–3.

On January 18, 2023, Newsome filed this § 2241 petition contending he is eligible for time credits under the FSA. Doc. 3 at 1–2. Respondent opposes the relief sought, Doc. 7, and Newsome has filed a reply reasserting the claims presented in his habeas petition, Doc. 9.

## II. ANALYSIS

A prisoner is ineligible to receive FSA time credits if he is "serving a sentence" for one of the offenses listed in 18 U.S.C. § 3632(d)(4)(D). One such disqualifying offense is a violation of "Section 924(c), [for] unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). Consequently, Newsome's 60-month, consecutive sentence for possession of a firearm under § 924(c) explicitly disqualifies him for the relief he seeks here—time credits under the FSA. *Id.*

Newsome nonetheless argues that he is eligible for FSA time credits because he discharged the sentence imposed for the § 924(c) offense before passage of the FSA and, therefore, is no longer "serving" the disqualifying-offense sentence, making § 3632(d)(4)(D) inapplicable to him. Doc. 3 at 6; Doc. 9 at 6. However, Newsome's argument is unavailing.

18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." So in deciding a prisoner's eligibility for FSA time credit, the BOP must evaluate all of a prisoner's sentences. *See Martinez v. Rosalez*, No. 1:22-CV-1297-LY-DH, 2023

WL 2904579, at *4 (W.D. Tex. Apr. 10, 2023), *R. & R. adopted*, 2023 WL 3441566 (W.D. Tex. May 12, 2023), *appeal docketed*, No. 23-50406 (5th Cir. May 30, 2023).  Simply put, "[i]f a prisoner is serving multiple, consecutive sentences, and one such offense is among the FSA's enumerated disqualifying offenses . . . then the prisoner is ineligible to earn FSA time credits." *Id.*; *see also Norman v. Carr*, No. 4:21-CV-586-P, 2021 WL 5086561, at *4 (N.D. Tex. Nov. 2, 2021) ("BOP was required to aggregate [the] [p]etitioner's multiple sentences under § 3584(c) and correctly computed her sentence in compliance with BOP policy."); *Sok v. Eischen*, No. 22-CV-458 (ECT/LIB), 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022), *R. & R. adopted*, No. 22-CR-458 (ECT/LIB), 2022 WL 17128929 (D. Minn. Nov. 22, 2022) (finding the petitioner ineligible to earn time credits under the FSA as his "aggregate sentence include[ed] a sentence predicated on a violation of 18 U.S.C. § 924(c)"); *Goodman v. Sage*, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022) (same).

Following this line of cases, the Court finds that Newsome is ineligible for earned time credits under the FSA because of his disqualifying § 924(c) firearm offense.  Relying on § 3584(c), the BOP properly considered Newsome's consecutive terms of imprisonment as one aggregate term of imprisonment for administrative purposes, including calculating his FSA time credits.  *See Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (affirming denial of § 2241 petition because "the BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits"); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (same).  Accordingly, Newsome's disqualifying term of imprisonment for violating § 924(c) renders his entire sentence ineligible for FSA time credits.

Further, Newsome's argument that he already completed his § 924(c) sentence and, therefore, is eligible for time credit under the FSA, Doc. 3 at 6; Doc. 9, *passim*, is unsupported. Newsome's argument is contrary to the plain language of § 3584(c) that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *See also Goodman*, 2022 WL 18028148, at *3 (rejecting the same argument). Newsome proffers no relevant authority to the contrary.

## III. CONCLUSION

In sum, because Newsome is serving his § 924(c) sentence as part of a "single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time credits. Accordingly, Newsome's habeas corpus petition under 28 U.S.C. § 2241 should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on October 13, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).